UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                              |   |                              |
|------------------------------|---|------------------------------|
| JERRY P. MCNEIL,             | ) |                              |
|                              | ) |                              |
| Plaintiff,                   | ) |                              |
|                              | ) |                              |
| v.                           | ) | Civil Action No. 09-2154 (ESH) |
|                              | ) |                              |
| KATHIE ANN WHIPPLE, *et al.*,| ) |                              |
|                              | ) |                              |
| Defendants.                  | ) |                              |

## MEMORANDUM OPINION

Plaintiff Jerry P. McNeil, proceeding *pro se*, has sued defendants Kathie Ann Whipple, Linda Springer, and Tricia Hollis, all employees of the Office of Personnel Management ("OPM"), for executing Internal Revenue Service ("IRS") tax levies against his federal civil service annuity. Before the Court are (1) defendants' motion to dismiss the complaint; and (2) plaintiff's motion for entry of a default judgment. For the reasons stated herein, defendants' motion to dismiss will be granted and plaintiff's motion for entry of a default judgment will be denied.

## BACKGROUND

Plaintiff retired under the Civil Service Retirement System ("CSRS") on February 2, 1987, and since then he has received retirement benefits in the form of payments from his Civil Service Annuity. *See McNeil v. United States*, 78 Fed. Cl. 211, 213 (Fed. Claims Ct. 2007), *aff'd*, 293 Fed. Appx. 758 (Fed. Cir. 2008). The OPM is responsible for making these payments to the plaintiff. *Id*.

Plaintiff has a history of not paying federal taxes and/or civil penalties, resulting in the IRS issuing levies against plaintiff's property. For example, in September 2004, the IRS served

a Notice of Levy against plaintiff's federal credit union account to collect unpaid civil penalties for tax years 1999-2001. *See McNeil v. Doe*, 2006 WL 2054082, No. 05-CV-0579 (N.D. Okla. July 21, 2006). Plaintiff filed a complaint challenging the levy in federal district court in Oklahoma, but the case was dismissed for lack of subject matter jurisdiction due to plaintiff's failure to follow prescribed administrative procedures prior to filing a civil claim in federal district court. *Id.* at *1-*2.

In July 2006, the IRS served a Notice of Levy on the OPM against plaintiff's retirement annuity to collect unpaid taxes for tax years 2002 and 2003 and civil penalties for tax years 1999-2003. *McNeil v. United States*, 78 Fed. Cl. at 214. Plaintiff filed a complaint in the Court of Federal Claims challenging the levy on multiple grounds, but that case was also dismissed for lack of subject matter jurisdiction.[1] *Id*.

The present case arises out of another IRS levy that was executed through OPM on plaintiff's federal retirement annuity. The complaint is captioned "Verified Criminal Complaint for Embezzlement of Private Property Held in Trust by the United States by Named Individual Defendants and Civil Demand for Restitution." (Compl. at 1.) It names three OPM employees as defendants (Kathie Ann Whipple, Linda Springer, and Tricia Hollis) and indicates that each is being sued in her "private" capacity. The complaint alleges that the defendants "embezzled money from the retirement accounts held in trust for the benefit of McNeil" and then "paid over the embezzled money [$27,926] to the IRS in the guise of a tax and under color of federal law." (*Id.* ¶ 6.) According to the complaint, defendants are personally liable because they should have

---

[1] The court addressed in detail plaintiff's many arguments; none of which had merit. *See McNeil v. United States*, 78 Fed. Cl. 211 (Fed. Claims Ct. 2007).

known that their actions violated "established criminal, and civil statutes of the United States" and "clearly violate constitutional protections of the 4th amendment against seizure" and his right to due process. (*Id.* ¶¶ 6, 9.)

On April 21, 2010, the Court extended the time to provide proof of proper service of the complaint until May 12, 2010. (Order, Apr. 21, 2010 [dkt. #9].) Plaintiff served defendant Whipple on April 28, 2010 (Return of Service, May 5, 2010 [dkt. #10]) and served defendant Springer on April 29, 2010. (Return of Service, May 10, 2010 [dkt. #11].) Plaintiff never filed proof of service as to defendant Hollis.

On June 2, 2010, defendants jointly filed a motion to dismiss. (Mot. to Dismiss, June 2, 2010 [dkt. #13].) That same day, the Court issued an order advising plaintiff that he had until July 2, 2010, to respond to defendants' motion, and that if he failed to do so, the Court could "treat the motion as conceded and dismiss plaintiff's complaint." (Order, June 2, 2010 [dkt. # 15].)

Since then, plaintiff has filed several documents with the Court, including (1) a document entitled "Praecipe (Order) to the Clerk and Judges of this Court," directing the Clerk of Court to refuse to file documents submitted by defendants' counsel, an attorney from the Department of Justice, on the ground that he was illegally intervening in the case (Notice, June 10, 2010 [dkt. #17]); (2) a motion for "Judicial Entry of Default Judgment with Writ of Execution and Proof By Official Agency Records of the Clear Absence of All Jurisdiction in Any Federal Court to Ratify Thefts by the IRS" (Motion, June 11, 2010 [dkt. #18], seeking default judgment against defendants Whipple and Springer; (3) a document entitled "Refusal of Void Order by Ellen S. Huvelle for Fraud on the Court (Notice, June 24, 2010 [dkt. #20]), indicating that plaintiff

considered the Minute Order[2] filed on June 13, 2010 (which the Court issued in response to plaintiff's June 10, 2010 filing to notify plaintiff that defendants' counsel was properly in the case), a "fraud" due to its lack of seal or signature; and (4) a document entitled "Praecipe (Order) to the Clerk In re Loss of Jurisdiction by the Court." (Notice, July 1, 2010 [dkt. #21].) As defendants point out in their reply, none of these documents is identified as a response to defendants' motion to dismiss or addresses defendants' arguments. (Reply, July 2, 2010 [dkt. #22]). However, in light of plaintiff's numerous submissions and the fact that he is proceeding *pro se*, the Court will not treat defendants' motion to dismiss as conceded but rather it will consider it on the merits, and will consider plaintiff's multitude of pleadings to the extent that they are at all relevant.

## ANALYSIS

**I.     DEFENDANTS' MOTION TO DISMISS**

Defendants proffer three alternative bases for dismissal of the complaint: (1) failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6); (2) lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(b)(1); and (3) insufficient service of process, *see* Fed. R. Civ. P. 12(b)(5).

**A.     FAILURE TO STATE A CLAIM**

Defendants submit that the complaint fails to state a claim because, under 26 U.S.C. § 6332(e), a person honoring a levy by turning over property to the Internal Revenue Service is "discharged from any obligation or liability to the delinquent taxpayer and other person with respect to such property or rights to property arising from such surrender or payment." The

---

[2]In this jurisdiction, a "Minute Order" is the name given to a paperless order filed on the Court's electronic case filing system ("ECF").

Court agrees. The sole basis for plaintiff's claims is that defendants, all OPM employees, honored an IRS tax levy by permitting payment to the IRS from plaintiff's federal retirement account. Thus, under 26 U.S.C. § 6332(e), they are protected from any liability to plaintiff. Plaintiff attempts to avoid the consequences of this statute by insisting that he is suing the three defendants in their "private" capacities, but, notwithstanding plaintiff's label, the allegations of the complaint make clear that the actions of defendants that plaintiff is challenging were all taken in their capacities as OPM employees. Accordingly, plaintiff's complaint fails to state a claim.

**B.     LACK OF SUBJECT MATTER JURISDICTION**

Defendants also contend that the complaint should be dismissed for lack of subject matter jurisdiction due to 26 U.S.C. § 7422(f)(1), which provides that a suit or proceeding to recover illegally collected internal revenue taxes "may be maintained only against the United States and not against any officer or employee of the United States (or former officer or employee)." The Court agrees. Plaintiff seeks to recover what he alleges to be illegally collected internal revenue taxes from the defendants. (Compl. ¶ 26.) But under 26 U.S.C. § 7422(f)(1), his only claim lies against the United States. Accordingly, this Court lacks subject matter jurisdiction over plaintiff's complaint.

**C.     INSUFFICIENT SERVICE OF PROCESS**

Defendants make two distinct service of process arguments. First, they argue that the complaint should be dismissed against defendant Tricia Hollis because she has not been served. On April 21, 2010, the Court extended the time to provide proof of proper service until May 12, 2010, but advised plaintiff that if he failed to meet that deadline, the case would be dismissed.

(Order, Apr. 21, 2010 [dkt. #21]). As of today, plaintiff has not provided proof of service on defendant Hollis. Accordingly, had the Court not already concluded that the complaint should be dismissed in its entirety for failure to state a claim and for lack of subject matter jurisdiction, it would dismiss the complaint as to defendant Hollis for lack of proper service.

Defendants' second argument is that service was improper because, under Federal Rule of Civil Procedure 4(i)(3), a complaint against a federal employee over actions taken as a federal employee must also be served on the United States. Although plaintiff failed to comply with this requirement, the Court need not decide whether this failure, on the part of a pro se litigant where the United States clearly has actual notice of the litigation, would merit dismissal given its conclusion that the complaint must be dismissed for failure to state a claim and for lack of subject matter jurisdiction.

## II.     PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

Given the Court's conclusion that the complaint must be dismissed for failure to state a claim and for lack of subject matter jurisdiction, plaintiff's motion for entry of default judgment against defendants Whipple and Springer is moot. Even if that were not the case, it would be denied as both defendants timely filed a response to the complaint by filing their motion to dismiss on June 2, 2010.

## CONCLUSION

For the reasons stated above, an accompanying order will grant defendants' motion to dismiss and deny plaintiff's motion for entry of a default judgment.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: July 6, 2010